UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SALIN BANK AND TRUST COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 1:08-CV-70 |
| | ) |
| CHAD SEYBOLD and | ) |
| LAURA SEYBOLD, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the second motion to withdraw the reference filed by the defendants, Chad Seybold and Laura Seybold (the "Seybolds" or "defendants") on January 9, 2008. Docket at 1.[1] The Seybolds filed their brief in support of their motion on May 23, 2008 ("Defendants' Brief in Support," docket at 6.) Plaintiff Salin Bank and Trust Company ("Salin Bank" or "plaintiff") filed its response in opposition to the motion on May 27, 2008. ("Plaintiff's Brief in Opposition," docket at 7.) Also on May 27, Salin Bank filed a motion for oral argument. Docket at 8. Finally, Salin Bank filed a response brief on June 3, 2008.[2] ("Plaintiff's Response," docket at 9.) On December 31, 2008, this case was reassigned from another Division of this court to the undersigned judicial officer for all further proceedings, including resolution of all pending motions. For the reasons discussed below, the second motion

---

[1] The defendants' first motion to withdraw the reference, filed in the bankruptcy court, was withdrawn.

[2] The parties to this case attended a Status Conference held before United States Magistrate Judge Roger B. Cosbey on May 14, 2008. *See* docket at 5. At the conclusion of that conference, the Magistrate Judge directed the parties to file contemporaneous opening briefs by May 27 and contemporaneous response briefs by June 3. *Id*. The defendants, for whatever reason, chose not to file a response brief.

to withdraw the reference filed by the defendants is DENIED, the motion for oral argument filed by the plaintiff is DENIED,[3] and this case is DISMISSED.

## FACTUAL AND PROCEDURAL BACKGROUND

The Seybolds filed a Chapter 7 bankruptcy proceeding in the Fort Wayne Division of the United States Bankruptcy Court for the Northern District of Indiana on May 22, 2007, in case number 07-11441. Salin Bank is one of several creditors of the Seybolds. On August 20, 2007, Salin Bank filed an adversary proceeding against the Seybolds in case number 07-1255, challenging the dischargeability of certain of the Seybolds' debts pursuant to 11 U.S.C. § 523(a). In that adversary proceeding, Salin Bank argued that the bankruptcy court should refuse to issue a discharge to the Seybolds for certain debts it claims are owed to it, specifically, loan agreements executed between the Seybolds and Salin Bank that were supposed to be secured by real estate.

On March 7, 2008, the bankruptcy court issued a Notice of Transmittal of Bankruptcy Withdrawal Reference to this court. Docket at 2. In conjunction with that Notice of Transmittal, the presiding bankruptcy judge, Robert E. Grant, issued his Recommendation Concerning Withdrawal of the Reference. *Id.*, attachment 17. Two days prior to that Judge Grant had issued a Decision and Order in which he denied the defendants' motion to dismiss one of the counts asserted in Salin Bank's adversary complaint.[4] In that latter Order, Judge Grant summarized the

---

[3] Having reviewed the briefs of the parties as well as the Recommendation and the Decision and Order issued by Bankruptcy Judge Grant, this court concludes that oral argument is not necessary.

[4] The defendants' motion to the bankruptcy court asked that court to dismiss Count IV of Salin Bank's adversary proceeding or "at least abstain from hearing it." Plaintiff's Brief in Opposition, Exhibit A, Decision and Order Denying Defendants' Motion to Dismiss or Abstain,

2

relevant facts underlying this case as follows:

> The essence of the plaintiff's claim is that Mr. Seybold obtained loans for one business entity [he owned or had an interest in], representing that it owned or would be acquiring real property upon which the Bank would be granted a mortgage in order to secure the loan. In reality, however, the Bank's borrower did not own or was not the acquirer of the property in question, with the result that the Bank has received mortgages upon real estate from someone other than the owner, making them decidedly less valuable than it anticipated. Since Mr. Seybold was allegedly fully aware of the status of the title to the real estate and misrepresented those facts to the Bank, the Bank characterizes his actions as fraud, fraud or defalcation in a fiduciary capacity, and/or a willful and malicious injury which, if accurate, would render his liability to the Bank non-dischargeable under §§ 523(a)(2), (4) and/or (6) of the United States Bankruptcy Code. In addition to the bankruptcy derived labels for the defendants' conduct, the plaintiff has also given it another name. In Count IV of the amended complaint it labels Mr. Seybold's action "bank fraud" as defined by [Indiana Code] 35-43-5-8, which gives it the opportunity to seek treble damages and attorney fees pursuant to I.C. 34-43-3-1.

Plaintiff's Brief in Opposition, Exhibit A, Decision and Order Denying Defendants' Motion to

Dismiss or Abstain, pp. 1-2.[5] This summary of the facts by the bankruptcy court is clear and

---

p. 3. In his Decision and Order, Judge Grant noted that his Order "addresses those components of the defendants' motion which may be properly resolved by this court–dismissal and abstention." *Id*. Judge Grant recognized that the motion to withdraw the reference was directed to this court, not the bankruptcy court, even though it was contained in a single motion filed by the defendants. Judge Grant admonished the defendants for failing "to comply with the requirements of Local Bankruptcy Rule B-9013-1, which requires that each motion be filed separately. The defendants have made three different requests, which are properly directed to two different courts." *Id*., n. 4. Fortunately, Judge Grant's Decision and Order makes it clear that what is properly pending before this court now is the defendants' motion to withdraw the reference as to Count IV of Salin Bank's adversary complaint. Judge Grant denied the defendants' motion to dismiss Count IV or for the bankruptcy court to abstain from hearing it. *Id*.

[5] I.C. 35-43-5-8 is an Indiana state criminal statute. It is a fraud statute that states, in relevant part, that "[a] person who knowingly executes, or attempts to execute a scheme or artifice: (1) to defraud a state or federally chartered or federally insured financial institution; or (2) to obtain any of the money, funds, credits, assets, securities, or other property owned by or under the custody or control of a state or federally chartered or federally insured financial institution by means of false or fraudulent pretenses, representations, or promises; commits a

3

succinct, and this court will refrain from including a needless elaboration of the facts in this Order.

## DISCUSSION

Section 157 of Title 28 of the United States Code provides the mechanism for the referral and withdrawal of reference of cases between a district court and a bankruptcy court. That statute provides, in relevant part, as follows:

> (a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
>
> (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.
>
> (2) Core proceedings include, but are not limited to–
>
> . . .
>
> (I) determinations as to the dischargeability of particular debts;
>
> . . .
>
> (3) The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.
>
> (c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to

---

Class C felony. I.C. 34-24-3-1 is a civil statute that permits a person or entity who has suffered a pecuniary loss as a result of a violation of I.C. 35-43-5-8 9 (or various other criminal statutes) to sue for actual and treble damages as well as attorney's fees.

the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

(2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.

(d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157.

Bankruptcy Judge Grant, in his Recommendation Concerning Withdrawal of the Reference, wrote a succinct yet characteristically thorough analysis of the issue now before this court. As is usually the case when this court is asked to rule on an issue that Judge Grant has addressed previously, this court finds it useful and enlightening to include a lengthy verbatim recitation of Judge Grant's written order. This is especially true when, as is the case here, this court concurs fully with the bankruptcy court's reasoning and conclusions. In his Recommendation, Judge Grant, after explaining the factual background of Salin Bank's adversary proceeding as set forth above, addressed the issues raised by the motion to withdraw the reference as follows:

> Although bankruptcy jurisdiction is vested in the District Court, 28 U.S.C. § 1334(a), (b), this district has exercised its authority to refer that jurisdiction to its bankruptcy judges. N.D. Ind. L.R. 200.1(a)(1). Nonetheless, the District Court has the discretion to withdraw the reference "for cause" either on its own initiative or on the timely motion of any party. 28 U.S.C. § 157(d). The moving

party bears the burden of persuading the court that the reference should be withdrawn. *Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949, 953 (7th Cir. 1996). *See also, In re Rimsat, Ltd.*, 196 B.R. 791, 795 (Bankr. N.D. Ind. 1995). Determining whether it has carried that burden can involve a number of considerations. *Met-Al, Inc. v. Hansen Storage Co.*, 157 B.R. 993, 1002 (E.D. Wis. 1993). Among the most common are:

> [w]hether withdrawal would promote uniformity of bankruptcy administration, reduce forum shopping and confusion, conserve debtor/creditor resources and expedite bankruptcy process, and whether parties have requested jury trial. *U.S. (EPA) v. Environmental Waste Control, Inc.*, 131 B.R. 410, 418 (N.D. Ind. 1991).

Others may include "whether the withdrawal relates to a 'core proceeding.'" *Id.* In the final analysis, however, "the critical question is efficiency and uniformity." *Mishkin v. Ageloff*, 220 B.R. 784, 800 (D. S.D. N.Y. 1998).

Defendants argue that cause exists to withdraw the reference as to Count IV of the plaintiff's complaint because it constitutes a state law claim, which they do not consent to being determined by the bankruptcy court, and they are entitled to have the issues raised by that claim tried to a jury. These arguments are wrong.

Insofar as it pertains to their claimed right to a jury trial, the defendants' arguments are foreclosed by the Seventh Circuit's decision in *Matter of Hallahan*, 936 F.2d 1496 (7th Cir. 1991). There the Seventh Circuit not only held that a debtor had no right to a jury trial in an action to determine dischargeability but also that it was entirely appropriate–"preferable" to be precise–for the bankruptcy court to adjudicate the issues of liability and damages in connection with its determination of dischargeability. *Id.* at 1502-08.

Admittedly, Count IV of the amended complaint does raise issues of Indiana law; in particular, whether the defendants committed bank fraud so that the plaintiff has a right to assert a claim against them for treble damages and attorney fees. Yet, the bankruptcy court does not need the parties' consent in order to determine the issues that it presents. This is a proceeding to determine dischargeability. FN 4. It is a civil proceeding "arising under title 11," *see, In re Menk*, 241 B.R. 896, 905 (9th Cir. BAP 1999); *In re Spaulding*, 131 B.R. 84, 88 (D. N.D. Ill. 1990); *In re Madison*, 249 B.R. 751, 755 (Bankr. N.D. Ill. 2000), and, through the order of reference, the court has jurisdiction over it by virtue of 28 U.S.C. § 1334(b). *In re Gi Nam*, 273 F.3d 281, 285 (3rd Cir. 2001); *Menk*, 241 B.R. at 907-10. Not only does the court have subject matter jurisdiction over this proceeding but dischargeability litigation is one of the types of proceedings which Congress has specifically classified as a core proceeding. *See*, 28 U.S.C. § 157(b)(2)(1). Thus, the bankruptcy court has the authority to finally determine

the issues raised in this matter and it does not need the parties' consent in order to do so. 28 U.S.C. § 157(b)(1).

> FN 4. In order to determine dischargeability, the bankruptcy court must, of necessity, be able to determine whether a debt exists. In the absence of a debt there is nothing which could be excepted from the scope of the debtor's discharge. As a result, in any dischargeability proceeding the bankruptcy court must first determine whether or not the debtor has any liability to the creditor; only if it does is there a need to proceed further and make the additional determination of whether or not that debt is a dischargeable one. *In re Sieger*, 200 B.R. 636, 639 (Bankr. N.D. Ind. 1996); *In re Wilder* 178 B.R. 174, 176-77 (Bankr. E.D. Mo. 1995). *Cf., Matter of Hallahan*, 936 F.2d 1496, 1508 (7th Cir. 1991) ("we think it preferable to allow bankruptcy courts ruling on the dischargeability of a debt to adjudicate the issues of liability and damages also.").

To grant the defendants' motion will result in an unnecessary duplication of judicial resources. The same actions which the plaintiff labels as fraud, fraud or defalcation in a fiduciary capacity, and/or a willful and malicious injury, in order to support the claims of non-dischargeability under §§ 523(a)(2), (4) and (6), are the very same actions it also characterizes as bank fraud in Count IV of the amended complaint. The same conduct is at issue under all four counts and the only difference is the label that has been attached to it. In view of this, if the reference is withdrawn, both the District Court and the bankruptcy court would hear substantially the same evidence, concerning substantially the same transactions, for substantially the same purpose. The only difference being that the bankruptcy court would hear that evidence to determine whether the defendants' obligation to the plaintiff was non-dischargeable under §§ 523(a)(2), (4) and/or (6) of the United States Bankruptcy Code, while the District Court would hear that evidence in order to determine whether the defendants' actions constituted bank fraud, giving rise to a claim for treble damages and attorney fees under I.C. 34-24-3-1, and, if so, whether that claim was excepted from discharge under §§ 523(a)(2), (4) and/or (6). The bankruptcy judge would submit that no good purpose is served by requiring the parties to present the same evidence, to two separate courts, in two separate proceedings, and that doing so would be a waste of everyone's time and resources. Instead, as the Seventh Circuit observed, it is "preferable to allow bankruptcy courts ruling on the dischargeability of debt to adjudicate the issues of liability and damages.' *Hallahan*, 936 F.2d at 1508.

Based on the foregoing considerations, the bankruptcy judge recommends that the District Court deny the defendants' motion to withdraw the reference. Nonetheless, should the District Court be inclined to grant the motion, in order to avoid an unnecessary duplication of effort, the bankruptcy judge would then suggest that the District Court also consider withdrawing the reference as to Counts I, II and III of the plaintiff's amended complaint.

Recommendation Concerning Withdrawal of the Reference, docket at 2, attachment 17, pp. 3-6.

This court agrees with the analysis, reasoning, and conclusion of Judge Grant's Recommendation. In their briefs filed in this court in support of their motion to withdraw the reference, the defendants do not present any new arguments or legal bases for their motion. Their arguments are the same as those presented to, and ruled on by, Judge Grant.

In their brief in support of their motion to withdraw the reference, the defendants state that the sole issue before this court is "whether cause exists for the U.S. District Court to withdraw its reference of the criminal bank fraud claim pursuant to I.C. 35-43-5-8 pleaded in Count IV" of Salin Bank's adversary complaint. Defendants' Brief in Support, p. 3.[6] The defendants argue that in this case "there are clear and convincing grounds for permissive withdrawal." *Id.*, p. 4. First, according to the defendants, Salin Bank "is merely attempting to collect a civil debt through the means of threats and intimidation by its blatant attempt to use a

---

[6] Salin Bank's claim for relief for the alleged criminal fraud of the defendants is based on the Indiana statute known as the Crime Victim's Relief Act. That statute provides, in relevant part, as follows:
> If a person suffers a pecuniary loss as a result of a violation of [various Indiana criminal statutes], the person may bring a civil action against the person who caused the loss for the following:
> (1) An amount not to exceed three (3) times the actual damages of the person suffering the loss.
> (2) The costs of the action.
> (3) A reasonable attorney's fee.
> (4) Actual travel expenses. . . .
> (5) A reasonable amount to compensate the person suffering loss for time . . .
> (6) Actual direct and indirect expenses incurred by the person suffering loss to compensate employees and agents for time. . . .
> (7) All other reasonable costs of collection.

I.C. 34-24-3-1.

criminal statute in a manner and a purpose for which it was not intended. Such unlawful conduct must not be tolerated by this court." *Id*., pp. 2-3 (emphasis in original). The defendants take the position that "[i]f Salin [Bank] believes a crime has been committed, it should have already reported this alleged criminal act to the appropriate authorities for investigation and prosecution." *Id*., p. 2 (emphasis in original). This argument merits little discussion. Salin Bank is seeking damages pursuant to I.C. 34-24-3-1, which of course is a civil statute. The underlying basis for that claim for damages is I.C. 35-43-5-8, which is an Indiana criminal statute. But whether Salin Bank reported an alleged crime to any authority is immaterial, as doing so is not a prerequisite to seeking damages under I.C. 34-24-3-1. Nor is it necessary for the alleged crime to have been prosecuted or a conviction obtained. *See C & S Management, LLC v. Superior Canopy Corp.*, 2008 WL 5215994 (N.D. Ind. Dec. 12, 2008) (criminal conviction is not a precondition to recovery in a civil action brought under the crime victim's relief act).[7] Therefore, the court disagrees with this argument of the defendants that Salin Bank is somehow abusing the civil litigation process by seeking damages under the Crime Victim's Relief Act. This is not a basis for withdrawal of the reference from the bankruptcy court.

In addition, the defendants argue that "bankruptcy courts are not routinely asked to decide cases involving allegations of crimes under state law. Such cases are almost always tried in state courts by juries. In addition the bankruptcy court has limited experience in deciding the treble damage claims under I.C. 34-24-3-1. However[,] the District Court has extensive

---

[7] It is also true, however, that a party seeking damages pursuant to I.C. 34-24-3-1 must prove all elements of the underlying crime by a preponderance of evidence. *See Gilliana v. Paniaguas,* 708 N.E.2d 895, 900 (Ind.Ct.App. 1999).

9

experience deciding cases involving treble damage claims and violations of criminal statutes. Such claims would be decided in an efficient and uniform manner by the District Court." Defendants' Brief in Support, p. 5. This argument simultaneously overestimates this court's experience adjudicating state law criminal claims and underestimates the experience and capabilities of the bankruptcy judge handling this case. But as Judge Grant has already attempted to explain to the defendants, the essence of what is being litigated in this adversary proceeding are dischargeability issues and the damages that may attach to them, not Indiana criminal law issues. The defendants attempt to muddy the waters on this point before this court just as they did before the bankruptcy court, but their linguistic posturing cannot change the character of the underlying proceedings.

This court also agrees that to withdraw the reference would result in an unnecessary duplication of effort and resources of two federal courts. The bankruptcy court is intimately familiar with all aspects of the Seybolds' Chapter 7 proceeding and the adversary proceeding. The Chapter 7 proceeding has been administered by that court since its inception in May of 2007 and the adversary proceeding has been administered by the bankruptcy court since August of 2007. The bankruptcy court docket sheet in the adversary proceeding contains 83 entries spanning a period of 16 months. Those entries indicate that there have been multiple filings by both parties in that court, multiple hearings on a variety of matters and issues, and numerous orders entered by the bankruptcy judge. *See* Bankruptcy Court docket sheet, Adversary Proceeding #: 07-1255-reg, Fort Wayne Division. The docket sheet also indicates that discovery is ongoing in that case. *Id*., docket at 82. The bankruptcy court also entered a Scheduling Order in the case this past September, although Judge Grant refrained from setting certain deadlines in

the case (including a trial date), no doubt awaiting resolution of the present motion. *Id*., docket at 80. For all of these reasons, this court concurs with Judge Grant's Recommendation and concludes that the motion to withdraw the reference should be denied.

## CONCLUSION

For the reasons set forth in this Opinion and Order, the second motion to withdraw the reference filed by the defendants Chad Seybold and Laura Seybold is DENIED, the motion for oral argument filed by the plaintiff Salin Bank and Trust Company is DENIED, and this case is DISMISSED.

Entered: February 12, 2009.

   /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana